IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WLODZIMIERZ KWIATKOWSKI, ) | |
| ) | |
| Plainitff, ) | |
| ) | No. 07 CV 776 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| VOLVO TRUCKS ) | |
| NORTH AMERICA, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER AND OPINION

Plaintiff, Wlodzimierz Kwiatkowski ("Kwiatkowski"), filed a three-count complaint against Defendant, Volvo Trucks North America ("Volvo"), alleging breach of a written warranty (Count I), and breach of the implied warranty of merchantability (Count II) and seeking to revoke his purchase of a 2007 Volvo semi-tractor trailer from a dealer in Ohio (Count III). Each claim is based on the Magnuson-Moss Warranty Act ("the Act"), 15 U.S.C. § 2301 *et. seq.*, which governs warranties on consumer products. Defendant Volvo has filed a motion to dismiss the complaint, arguing that the semi-tractor trailer purchased by Plaintiff is not a "consumer product" as defined in the Act. For the reasons set forth here, the motion is granted.

## DISCUSSION

The Magnuson-Moss Act was adopted to make warranties on consumer products more readily understood and enforceable and to provide the Federal Trade Commission with means of better protecting consumers. *Mota v. Central Sprinkler Corp.*, 174 F.Supp.2d 824, 827 (C.D. Ill. 2001). The Act defines "consumer products" as "any personal property . . . which is normally used for personal, family or household purposes…" 15 U.S.C. 2301(1). The implementing regulations explain that this definition encompasses all products commonly used for consumer purposes, regardless of their actual use by the individual purchaser. *See* C.F.R. § 700.1(a). Products

commonly used for both personal and commercial purposes are deemed consumer products, and any ambiguities in the definition are resolved in favor of coverage. *Id.*

Despite the breadth of this definition, courts have identified certain commercial goods as outside the realm of "consumer product." *See, e.g., Mota*, 174 F.Supp.2d at 829 (fire sprinklers specifically used and installed in commercial buildings are nor "consumer products"); *Crume v. Ford Motor Co.*, 653 P.2d 564 (Or. App. 1982) (holding a flatbed truck not to be a "consumer product" simply because the plaintiff occasionally used it for personal purposes); *Essex Insurance Co. v. Blount, Inc.*, 72 F.Supp.2d 722 (E.D. Tex. 1999) (holding that, because a piece of heavy timber equipment was designed almost exclusively for commercial purposes, it was outside the definition of "consumer product" used in the Act); *Walsh v. Ford Motor Credit Co.*, 449 N.Y.S.2d 556 (N.Y. Sup. Ct. 1982) (the Act does not apply to "*property such as a tractor trailer which is normally use for a commercial use of trucking*") (emphasis added).

The Seventh Circuit addressed this issue tangentially in *Waypoint Aviation Services, Inc. v. Sandel Avionics, Inc.*, 469 F.3d 1071 (7th Cir. 2006). Plaintiff in *Waypoint* brought a Magnuson-Moss action against the manufacturer of an airplane and the manufacturers of certain equipment in the airplane. The district court dismissed the case on the ground that an airplane cannot be a consumer product. By the time the case reached the Seventh Circuit, the airplane manufacturer had filed for bankruptcy and had been dismissed from the action; because plaintiff had made no effort to establish the liability of the other defendants, the Seventh Circuit remanded the case with instructions that the case against them be dismissed with prejudice. In so doing, the Court of Appeals disapproved of the district court's determination that "airplanes" could never be used for personal purposes and cautioned against any broad exclusion of categories of goods from the definition of "consumer product." *Id.* For example, the court observed that, while most aircrafts are used only for commercial purposes, some nevertheless can be defined as "consumer products"

2

if their principal function is personal recreation or transportation. *Id.* In *dictum*, the court analogized to a claim involving an automobile:

> "Airplane" is too large a category for analysis. In a suit by a purchaser of an automobile, a court would not say that "motor vehicles" is the category and that, because locomotives, military tanks, commercial tractor-trailer rigs, and 5000-ton draglines used to dig coal are not consumer products, an automobile or recreational vehicle isn't one either.

469 F.3d at 1072. Thus, though the *Waypoint* court discouraged the exclusion of large categories of products from the definition, it explicitly acknowledged that more narrow categories of motor vehicles–including, specifically, commercial tractor-trailers–may properly be excluded.

The court agrees with Defendant Volvo that a commercial tractor-trailer is not ordinarily used for personal, family, or household use. The normal and ordinary purpose for such trucks is to haul trailers in transport of goods and products over long distances for commercial benefit. Such a vehicle is not a "consumer product" and therefore beyond the reach of the Magnuson-Moss Act, on which each of Plaintiff's claims is based. As Defendant's Notice of Removal makes clear, however, the parties are diverse in citizenship and more than $75,000 is at stake here. Accordingly, the court dismisses the complaint without prejudice to other claims.

## **CONCLUSION**

Defendant's motion to dismiss (9) is granted. On or before May 23, 2007, Plaintiff will have leave to file an amended complaint alleging any non-Magnuson Moss warranty claims that may be available to him.

ENTER:

Dated: April 30, 2007

_____
REBECCA R. PALLMEYER
United States District Judge